**UNITED STATES of America, Appellee,**

**v.**

**John J. CONWAY, Defendant, Appellant.**

**No. 95–2232.**

United States Court of Appeals,
First Circuit.

Heard March 5, 1996.
Decided April 11, 1996.

Barry T. Albin with whom Peter A. Gaudioso and Wilentz, Goldman & Spitzer, Woodbridge, NJ, were on brief, for appellant.

Peter E. Papps, Assistant United States Attorney, orally; Donald A. Feith, Assistant United States Attorney, with whom Paul M. Gagnon, United States Attorney, and Michael J. Connolly, Assistant United States Attorney, Concord, NH, were on brief, for appellee.

Before SELYA, Circuit Judge, ALDRICH, Senior Circuit Judge, and LYNCH, Circuit Judge.

BAILEY ALDRICH, Senior Circuit Judge.

■ John J. Conway pled guilty to one count of conspiracy to defraud the American Honda Motor Company in violation of 18 U.S.C. §§ 1343 and 1346. He now appeals his sentence, specifically the court's refusal to grant the government's motion on his behalf for a four level downward departure for substantial assistance. U.S.S.G. 5K1.1. Normally an appeal is not available for such a broadly discretionary decision, *United States v. Mariano*, 983 F.2d 1150, 1153–54 (1st Cir.1993), but there is an exception in case of an error of law. *Id.* at 1153; 18 U.S.C. § 3742.[1] This is such a case. Defendant makes a colorable claim that his Fifth Amendment rights to due process and not to be made a witness against himself were violated when the court based its decision to deny downward departure, and to give the maximum sentence under the applicable guideline range, on self-incriminating information he had divulged pursuant to a plea agreement to provide the government with substantial assistance in exchange for immunity and a motion for downward departure.[2] Noting the standard provision that it was not bound to accept the government's recommendation, *Mariano*, 983 F.2d at 1155, the court, while admitting the sufficiency of defendant's disclosures to warrant the departure, denied it on the ground that it would lead to too light a sentence for a defendant

so revealed. Defendant objects that the effective "countervailing factors" found by the court to "militate against granting a motion for downward departure" came to the court's attention solely by reason of disclosures he had provided in exchange for a promise that they would not be used against him. We concur, and remand for resentencing.

The plea agreement read as follows:

No truthful information provided by Mr. Conway to government attorneys or law enforcement officers, pursuant to this agreement, or any information directly or indirectly derived from such information, will be used against Mr. Conway by the government provided that Mr. Conway complies with the terms of this agreement. As to information provided by Mr. Conway regarding unlawful activities involving himself and others that was not known to the government prior to entering into this agreement, such information shall not be used in determining the applicable guideline range, pursuant to U.S.S.G. § 1B1.8.

■ It is clear, first of all, that the plea agreement does not bind the court "to comply blindly with the prosecutor's wishes," *Mariano*, 983 F.2d at 1155, and that, except as restricted by the Guidelines, other federal statutes, or the United States Constitution, the court "retains broad discretion to exhume factors unrelated to substantial assistance before burying the [guideline sentencing range]." *Id.* at 1156–57. We also agree that the language of the agreement, as written, deserves the interpretation the court gave it at the time of sentencing: defendant received a promise that, (1) the information disclosed would not be used against him *by the government*—e.g., as a basis for future prosecution, for refusing to make a motion for downward departure, or for any other government action against him—and, (2) it would not be used in calculating his guideline range—no more. As written, the agreement does not preserve the blanket protection defendant claims he bargained for in exchange for waiv-

---

1. Appellate jurisdiction exists for sentences "imposed in violation of law." 18 U.S.C. § 3742(a)(1). *See United States v. Drown*, 942 F.2d 55, 58 and n. 6 (1st Cir.1991).

2. The possibility that in its discretion the court might have reached the same result absent any error does not defeat jurisdiction. *See Drown*, 942 F.2d at 60.

er of his Fifth Amendment right not to be a witness against himself. *See United States v. Hogan,* 862 F.2d 386, 388 (1st Cir.1988) (plea agreements are to be interpreted according to contract law principles). So interpreted, defendant cannot state a claim that his rights were violated.

There was, however, a difficulty, provided by the court itself. At the hearing at which the court undertook to determine, in lengthy converse with defendant, whether he understood the consequences of entering the agreement and the plea, *see* F.R.Crim.P. 11(c), the court did not quote the agreement fully. After explaining to defendant his obligation under the agreement to make full, truthful disclosure, and the consequences of failing to do so, it stated, "Now, any truthful information that you provide the government during the course of your cooperation will not be used against you." The original limitation, to non-use "by the government," was omitted. In all fairness, was defendant supposed to remember it? The whole purpose of the plea hearing is to assure full understanding. The objectively reasonable understanding in defendant's ears when he signed, *see Hogan,* 862 F.2d at 388, was that he was assuming an obligation to speak in exchange for, among other things, a grant of full use immunity for whatever he disclosed. True, the court went on to quote the agreement's provision that the information "will not be used in determining the applicable guideline range," which we observe would be superfluous if the prior statement is interpreted to grant full use immunity. The implication, and the principle *inclusio unis exclusio alterius est* are rules of construction known to lawyers, but a defendant surely cannot be expected to apply a lawyer's analytical tools in a colloquy conducted specifically to assure his lay understanding. We are particularly loathe to do so when the effect would be to contradict apparent absoluteness. At best, the court's second statement created an ambiguity that we must resolve in favor of defendant's reasonable understanding.

The case comes down to this. A plea agreement is a contract under which both parties give and receive consideration. The government obtains a conviction that it otherwise might not have. The defendant, correspondingly, receives less, or a chance at less, than he otherwise might have. In this case the government received something more—tangible disclosures concededly of substantial value in light of the return offered defendant (non-use of the information), which was promised not merely as hope, but as firm. Under F.R.Crim.P. 11(e)(3) and (4) the court may accept or reject the agreement. Here the court expressly defined in absolute terms the benefit defendant should expect. Under the agreement the court could have denied the government's motion for a downward departure, but it cannot be thought it should do so by relying on the very disclosures that defendant was bargained to make on an immunization promise. While doubtless the court did not recall this record inadvertency, surely due process, not to mention public perception of the courts, should forbid such a result.[3]

This brings us to the remand itself. It will be open to the court, after vacating the present sentence, again to address the issue of a downward departure. In this case, however, the court should not change the finding that defendant had rendered substantial assistance to the government, and if it is to be rebutted it must be on new findings, which we suggest should be stated, independent of defendant's disclosures.

We vacate defendant's sentence and remand for resentencing.

SELYA, Circuit Judge, concurring.

While I have no doubt that the defendant in this case has been treated fairly, I agree with my colleagues that the combination of the district judge's unfortunate slip of the tongue during the change-of-plea hearing and his frank use of information elicited from the defendant during debriefing to impose a sentence at the top of the guideline range creates a perception of unfairness and requires vacation of the sentence. I write separately, however, to highlight four points.

---

3. To the extent that U.S.S.G. § 1B1.8(b)(5) and application note 1 appear to the contrary, the constitutional prerogatives in this case must prevail.

First, this is not a case in which the court coaxed a plea through a misrepresentation. Mr. Conway is an intelligent, well-educated businessman who was represented throughout by distinguished counsel. Insofar as I can tell, he was not actually misled and the judge's *lapsus linguae* had no actual effect on the course of the proceedings.[4] Nevertheless, I cannot vote to uphold the sentence. When the public perception of justice is imperilled by the court's actions in a criminal case, the usual rules of harmless error do not apply.

Second, it is important to emphasize that this case is *sui generis.* Under ordinary circumstances, the guidelines permit information obtained from a cooperating defendant during debriefing to be used in determining the defendant's sentence (as long as the plea agreement does not impose a further limitation on these uses). *See* U.S.S.G. § 1B1.8(b)(5) & n. 1.

Third, the plea agreement in this case, interpreted under principles of contract law, *see United States v. Hogan,* 862 F.2d 386, 388 (1st Cir.1988), imposed no such special limitation. Were it not for the judge's inadvertent misstatement during the change-of-plea colloquy, the court could have used the information obtained during debriefing either to deny the downward departure, or to fix the defendant's sentence within the appropriate guideline range, or for both purposes.

Fourth, under the plea agreement, the guidelines, and binding precedent in this circuit, *see United States v. Mariano,* 983 F.2d 1150, 1157 (1st Cir.1993), the district court was obliged fully to consider the elicited information in determining whether to grant the government's section 5K1.1 motion for a downward departure. On remand, the district court remains obliged to consider all the information. And, moreover, even if the court finds that the defendant substantially assisted the investigation, it is not obligated to grant the section 5K1.1 motion and depart downward, *see Mariano,* 983 F.2d at 1156–57, or, alternatively, to impose a sentence at the bottom of the guideline range.

Despite the court's substantial discretion in these respects, I agree with my colleagues that resentencing is required. When, as now, a sentencing court makes clear that a discretionary action—even a discretionary action that the court has no legal obligation to explain at all [5]—is premised on an impermissible consideration, the court of appeals must intervene. *See United States v. Drown,* 942 F.2d 55, 60 (1st Cir.1991). To this extent, the judge pays a high price for candor—but justice demands the exaction.

---

4. This conclusion is underscored, if not compelled, by the late blossoming of any argument based on the court's misstatement at the change-of-plea hearing. The defendant's brief on appeal is devoid of developed argumentation in this regard, and the judge's statement was first mentioned at oral argument in this court (and then, only in passing).

5. A good example, apropos here, is that, subject to certain exceptions not relevant in the circumstances at bar, a sentencing court has no legal obligation to explain why it chooses a particular sentence within a narrowly defined guideline sentencing range. *See, e.g., United States v. Levinson,* 56 F.3d 780, 780 (7th Cir.1995); *United States v. Garrido,* 38 F.3d 981, 986 (8th Cir. 1994); *United States v. Lively,* 20 F.3d 193, 198 (6th Cir.1994). By like token, a sentencing court customarily need not explain the basis for its refusal to depart downward. *See, e.g., United States v. Lombardi,* 5 F.3d 568, 572 (1st Cir. 1993).