**UNITED STATES of America, Appellee,**

v.

**Robert RAPOSA, Defendant, Appellant.**

**No. 95–2088.**

United States Court of Appeals,
First Circuit.

Heard March 7, 1996.

Decided May 29, 1996.

of the suppressed cocaine as "relevant conduct" increased the defendant's Guidelines sentencing range from 10–16 months to 30–37 months. The latter was the same as the range that would have obtained if the defendant had been *convicted* on the cocaine count as well as the heroin count.

We are asked to decide whether the Fourth Amendment exclusionary rule applies in the context of Sentencing Guidelines proceedings, at least on the facts of this case. On the record before us, however, the resolution of that question is not necessary to the decision of this appeal. We decline, therefore, to reach that important question here, preferring to leave it for a future case. Instead, we affirm the defendant's sentence on the ground that the district court's findings were amply supported by statements concerning the cocaine provided by the defendant and incorporated in the Presentence Investigation Report ("PSR"), and on which he relied to obtain a reduction in his sentence for acceptance of responsibility.

Robert B. Mann, Providence, RI, with whom Mann & Mitchell was on brief, for appellant.

Margaret Curran, Assistant United States Attorney, Providence, RI, with whom Sheldon Whitehouse, United States Attorney, and Zechariah Chafee, Assistant United States Attorney, were on brief, for the United States.

Before LYNCH, Circuit Judge, ALDRICH and BOWNES, Senior Circuit Judges.

LYNCH, Circuit Judge.

Following a plea of guilty to one count of possessing heroin with intent to distribute, Robert Raposa was sentenced to a term of 30 months imprisonment. He appeals that sentence, arguing that the district court erroneously included as "relevant conduct," *see* U.S.S.G. § 1B1.3 (Nov. 1994), his possession, with intent to distribute, of a substantial quantity of cocaine that the court had earlier ordered suppressed as the product of an illegal search. The consideration, inter alia,

## I

On February 10, 1995, two narcotics detectives interrupted a drug deal in progress in an alley in downtown Providence. The defendant, Robert Raposa, was sitting in the driver's seat of a parked white Mercury Sable, doing business with several men standing at his window, when the detectives approached and identified themselves as police officers. Raposa bolted out of the car and ran, dropping a bundle of heroin packets labelled "Die Hard" as he fled. One of the officers picked up the heroin packets and gave chase. Raposa was apprehended. The officers brought him back to the scene of the drug deal, where they found another bundle of heroin marked "Die Hard" and $140 in cash on the ground near the Mercury. Two beepers were found on the defendant, and a cellular telephone in the car. Raposa was arrested and taken to the central police station.

After a short investigation, the detectives went to Raposa's apartment, while the defendant remained in custody at the station. A woman answered the door. The officers told

her that Raposa had been arrested. The woman stated that Raposa was her boyfriend and lived with her in the apartment.

What happened next was disputed. The government would later assert that the woman consented to a search of the apartment, and that no search was undertaken until a consent form had been signed. The defendant would contend that no valid consent was ever given, and that his girlfriend's signature on the form had been coerced. In any event, the officers conducted a warrantless search of the apartment. They seized three large bags containing over $13,000 worth of cocaine lying in a closet in one of the bedrooms. Back at the police station, Raposa was informed of the seizures. Having been read his *Miranda* rights, he agreed to talk, and confessed that the cocaine was his.

Raposa was charged with possession of cocaine (375.21 grams) and heroin (less than 5 grams), with intent to distribute. After initially pleading not guilty to both counts, he moved to suppress all of the cocaine that the police had found in his apartment, arguing that it was the fruit of an illegal search. After an evidentiary hearing, the district court granted the motion, finding that the government had failed to prove that Raposa's girlfriend had consented to the search. The defendant subsequently pleaded guilty to the heroin charge (Count II), and the government voluntarily dismissed the cocaine charge (Count I).

## II

Raposa's sentence for his heroin conviction was governed by U.S.S.G. § 2D1.1. Under that guideline, the amount of heroin possessed by the defendant (less than 5 grams) corresponds to a base offense level of 12, which, charted against a criminal history category of I, would yield a Guidelines sentencing range of 10–16 months. However, the

district court found, over the defendant's objection, that the defendant's possession of the cocaine found at his apartment constituted "part of the same course of conduct ... as the offense of conviction" under the Guidelines' "relevant conduct" provision. U.S.S.G. § 1B1.3(a)(2).

After expressing serious reservations about the fairness of considering illegally seized evidence for purposes of the Guidelines' relevant conduct provisions, the district court concluded, relying on cases from other circuits, that the exclusionary rule did not apply at sentencing. The court thus incorporated the cocaine into the total drug quantity for which defendant was to be sentenced, pushing the offense level up to 22. After subtracting three levels for acceptance of responsibility, the court arrived at a total offense level of 19, yielding a final sentencing range of 30–37 months. The court imposed a sentence of 30 months, and the defendant filed this appeal.[1]

## III

■  To date, five circuit courts of appeal have addressed the issue of whether the Fourth Amendment exclusionary rule prohibits a sentencing court from considering illegally seized evidence for purposes of determining or enhancing a defendant's Guidelines sentence.[2] Each of these courts has held that the exclusionary rule does not generally apply in the sentencing context and that there is no blanket prohibition on the consideration of illegally seized evidence for purposes of making the findings required under the Guidelines. *See United States v. Jenkins*, 4 F.3d 1338, 1345 (6th Cir.1993) (rejecting, as dicta, contrary statements in *United States v. Nichols*, 979 F.2d 402, 410–11 (6th Cir.1992), *aff'd on other grounds*, —— U.S. ——, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994)),

---

1. After acknowledging that defendant had raised a substantial issue for appeal, the district court granted the defendant's request that he be permitted to remain released on bail pending appeal of the sentence.

2. There are also several reported cases that address the issue in the pre-Guidelines context. *See United States v. Lee*, 540 F.2d 1205, 1210–12 (4th Cir.), *cert. denied*, 429 U.S. 894, 97 S.Ct.

255, 50 L.Ed.2d 177 (1976); *United States v. Vandemark*, 522 F.2d 1019, 1021–25 (9th Cir. 1975); *United States v. Schipani*, 435 F.2d 26, 27–28 (2d Cir.1970), *cert. denied*, 401 U.S. 983, 91 S.Ct. 1198, 28 L.Ed.2d 334 (1971); *Verdugo v. United States*, 402 F.2d 599, 610–13 (9th Cir. 1968), *cert. denied*, 397 U.S. 925, 90 S.Ct. 931, 25 L.Ed.2d 105 (1970).

*cert. denied,* —— U.S. ——, 114 S.Ct. 1547, 128 L.Ed.2d 197 (1994); *United States v. Tejada,* 956 F.2d 1256, 1262 (2d Cir.), *cert. denied,* 506 U.S. 841, 113 S.Ct. 124, 121 L.Ed.2d 80 (1992); *United States v. Lynch,* 934 F.2d 1226, 1236–37 (11th Cir.1991), *cert. denied,* 502 U.S. 1037, 112 S.Ct. 885, 116 L.Ed.2d 788 (1992); *United States v. McCrory,* 930 F.2d 63, 69 (D.C.Cir.1991), *cert. denied,* 502 U.S. 1037, 112 S.Ct. 885, 116 L.Ed.2d 788 (1992); *United States v. Torres,* 926 F.2d 321, 325 (3d Cir.1991). The rule adopted in these cases has not been met with universal acclaim. *See, e.g., United States v. Jewel,* 947 F.2d 224, 238–40 (7th Cir.1991) (Easterbrook, J., concurring); *McCrory,* 930 F.2d at 70–72 (Silberman, J., concurring); Wayne R. LaFave, 1 *Search and Seizure* § 1.6, at 40–41 (2d ed. Supp.1995).[3] This court has not yet decided the issue.

Although the parties have ably argued to us the merits of each side of the debate, a review of the record requires the conclusion that this case does not present a proper occasion for us to decide this important question.

■ After the defendant agreed to plead guilty to the charge of possessing heroin with intent to distribute, the district court ordered that a PSR be prepared. In setting forth his version of the facts for inclusion in the PSR, the defendant (through his counsel) provided the federal probation officer with a signed statement in which he *voluntarily admitted* that he owned the cocaine that was found in his apartment on February 10, 1995. The

statement was incorporated verbatim into the PSR. It declared, in relevant part:

> I understand the police recovered two bundles of heroin near my car [on February 10]. Those bundles of heroin were my heroin. I accept complete responsibility for my actions. I also accept responsibility for the cocaine found at [my apartment].... I have always accepted responsibility for this cocaine. At the police station, on the day of my arrest I made a signed statement. In that statement I clearly accepted responsibility for the cocaine.[4] The cocaine was found in a spare bedroom closet. I accept complete responsibility for my actions with the cocaine[5] as I did with the heroin [footnotes added].

The defendant lodged no objection nor attempted to reserve any Fourth Amendment argument specifically with respect to the PSR's recounting of these admissions.[6] Indeed, based in part on these statements, the defendant successfully argued at sentencing for a three-level reduction in his Guidelines offense level under U.S.S.G. § 3E1.1.

■ Whatever force the exclusionary rule might have at sentencing, it clearly could not have barred the district court from considering the defendant's voluntary statements as set forth in the PSR. *Cf. United States v. Patino,* 862 F.2d 128, 132–34 (7th Cir.1988) (holding second confession not to have been obtained in violation of Fourth Amendment where sufficient time had passed since illegal search and initial confession and where intervening circumstances were benign), *cert. denied,* 490 U.S. 1069, 109 S.Ct. 2072, 104 L.Ed.2d 637 (1989).[7] The portion of the PSR

---

**3.** *See also* Todd Flaming, Comment, *Laundering Illegally Seized Evidence Through the Federal Sentencing Guidelines,* 59 U.Chi.L.Rev. 1209 (1992); Victor J. Miller, Note, *An End Run Around the Exclusionary Rule: The Use of Illegally Seized Evidence Under the Federal Sentencing Guidelines,* 34 Wm. & Mary L.Rev. 241 (1992); Clinton R. Pinyan, Comment, *Illegally Seized Evidence at Sentencing: How to Satisfy the Constitution and the Guidelines With an "Evidentiary" Limitation,* 1994 U.Chi.Legal F. 523 (1994).

**4.** It appears, although the record is not clear, that the statement given by Raposa to the police on February 10 was also covered by the district court's suppression order.

**5.** The defendant further admitted, elsewhere in this same statement, that the quantity of cocaine

he possessed was at least equal to the amount charged in the indictment (375.21 grams).

**6.** Defendant's PSR statement was not made under any promise of immunity. *Cf. United States v. Conway,* 81 F.3d 15 (1st Cir.1996).

**7.** Defendant does not and could not credibly argue that the statements recounted in the PSR constituted a fruit of the illegal search conducted on the day of his arrest. The statement provided by defendant to the probation officer was voluntarily submitted, presumably with the advice of counsel. Furthermore, the statement was provided *after* the district court had ruled on the defendant's suppression motion, so that defendant could make no claim that he was unaware of his rights. The provision of the statement to

containing those statements, to which defendant declined to object (and as a result of which he received acceptance-of-responsibility credit under the Guidelines), provides an independently sufficient ground for the district court's finding at sentencing that the defendant possessed the cocaine at issue.[8] *See United States v. Blanco,* 888 F.2d 907, 908–09 (1st Cir.1989) (permitting proof at sentencing of uncharged quantities of drugs through statements in PSR to which defendant failed to object).

Thus, on the record before us, the question of the exclusionary rule's applicability at sentencing has no bearing on the outcome of this appeal. *Cf. New England Legal Found. v. Massachusetts Port Auth.,* 883 F.2d 157, 176 (1st Cir.1989) ("longstanding precedent" requires courts to "avoid ruling on constitutional issues when non-constitutional grounds are dispositive"). Wholly apart from any consideration of the suppressed cocaine evidence, the portions of the PSR that recounted defendant's admissions as to cocaine possession, to which no objection was recorded, provide clear and ample support for the findings that resulted in the assignment to defendant of a total offense level of 19 under the Guidelines. *Cf. Murray v. United States,* 487 U.S. 533, 538–41, 108 S.Ct. 2529, 2533–35, 101 L.Ed.2d 472 (1988) (exclusionary rule does not affect information "cleanly" obtained through "independent source" (quoting *United States v. Silvestri,* 787 F.2d 736, 739 (1st Cir.1986), *cert. denied,* 487 U.S. 1233, 108 S.Ct. 2897, 101 L.Ed.2d 931 (1988))). Because this aspect of the record is dispositive in favor of affirmance, we need not decide whether the exclusionary rule applies at sentencing.

## IV

For the foregoing reasons, we decline to reach the question of whether the Fourth Amendment exclusionary rule applies in the context of Guidelines sentencing proceedings,[9] and we uphold the sentence imposed by the district court based solely on our conclusion that it was adequately supported by the facts established in the unobjected-to portions of the PSR.

*Affirmed.*

---

the probation officer was "sufficiently an act of free will to purge the primary taint" of the illegal search. *Wong Sun v. United States,* 371 U.S. 471, 486, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963); *cf. Brown v. Illinois,* 422 U.S. 590, 608–09, 95 S.Ct. 2254, 2264–65, 45 L.Ed.2d 416 (1975) (Powell, J., concurring) (discussing attenuation doctrine).

**8.** Defendant does not argue that the relevant conduct guideline itself is unconstitutional.

**9.** We therefore need not comment on the merits of the government's contention at oral argument that any unfairness that might result from not

applying the exclusionary rule at sentencing could be alleviated by invoking, as warranted, the due process prohibition against "sentencing factor manipulation." *See United States v. Egemonye,* 62 F.3d 425 (1st Cir.1995); *United States v. Montoya,* 62 F.3d 1 (1st Cir.1995); *cf. Jenkins,* 4 F.3d at 1345 (exclusionary rule may be applied at sentencing, as exception to general rule, where defendant shows that illegal search was conducted for specific purpose of obtaining sentence enhancement); *Tejada,* 956 F.2d at 1263 (same); *McCrory,* 930 F.2d at 69 (same); *cf. also Lynch,* 934 F.2d at 1237 n. 15 (reserving the question); *Torres,* 926 F.2d at 325 (same).